**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TACARA ANDERSON,**
**On behalf of minor child, MA**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**CASE NO. 8:18-cv-1646-JSM-MAP**

**OFFICER JONATHAN VAZQUEZ,**

      **Defendant.**
_____/

**AMENDED COMPLAINT**
**(Jury Trial Demand)**

The Plaintiff, TACARA ANDERSON, on behalf of minor child, MA, sues the Defendant, OFFICER JONATHAN VAZQUEZ, and for her Complaint states:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district because it is where the events complained of occurred.

4. This is an action for damages which exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

5. The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

## PARTIES

6. Plaintiff, TACARA ANDERSON, is a resident of Pinellas County, Florida and the United States of America. She is suing on behalf of her son, minor child, MA.

7. Defendant, OFFICER J. VAZQUEZ, was at all times relevant to this Complaint duly appointed and acting as an officer of the St. Petersburg Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the St. Petersburg Police Department. Defendant, OFFICER J. VAZQUEZ, is sued in his individual capacity.

8. Each and all of the acts of the Defendant and other members of the St. Petersburg Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the City of St. Petersburg, under the color of law and by virtue of their authority as law enforcement officers for the City of St. Petersburg. At all times, Defendant was engaged in conduct that was the proximate cause of the violation of Plaintiff's federally protected rights as more particularized herein.

## FACTS GIVING RISE TO THIS CAUSE OF ACTION

9. On or about July 22, 2014, undercover detectives with the Crime Analysis, Surveillance & Enforcement (CASE) Unit of the St. Petersburg Police Department followed MA and his two friends, ME and HK, as they walked along a street in their neighborhood.

10. A recording of the St. Petersburg Police dispatch details the officers following the young men for approximately 10 minutes without any specific reason.

11. At first it seems the officers do not see any problems with the boys, and they are heard saying: "It's possible they're just walking home to the apartments."; "Yeah, we can let it

go."; "This might be nothing, they're not looking around or anything." However, the officers continue following the boys, monitoring them and noting their location. The discussion reveals the officers were aware they were following juveniles; one officer says, "Remember we followed those one kids…"

12. The detectives observe the boys looking into vehicles, and in describing the activities of the boys, the officers repeatedly refer to two of them as "the little ones" and "the little guys" while the third is referred to as "the tall one."

13. K-9 Officer E. Regen, K-9 Officer C. Turbee and Defendant, K-9 OFFICER J. VAZQUEZ, then begin a pursuit on foot, and a few minutes later they observe "the tall one" going into a Ford pick-up truck, and suspect that he has taken something from the truck.

14. An officer then states over dispatch that the boys were running, so Defendant, K-9 OFFICER J. VAZQUEZ, shouts at the boys. The officers pursue the boys on foot.

15. The dispatch recording indicates that it only took the officers approximately two and a half minutes from the time of the shouting to the time MA was apprehended with the use of K-9 Ares, the K-9 assigned to Defendant, OFFICER J. VAZQUEZ.

16. Ares took MA down. Defendant, OFFICER J. VAZQUEZ, said, "Get him! Good boy." The officers watched as the K-9 repeatedly bit him, and MA was so scared that he lost control of his bladder. At the time of the attack, MA was 12 years old, 60 inches tall and weighed 80 lbs.

17. Finally, the officers handcuffed MA. He remained handcuffed for quite some time. As of approximately 30 minutes after the K-9 attack, an ambulance had still not arrived on the scene.

18. MA was taken by EMS to the All Children's Hospital emergency room on July

22, 2014 at approximately 1:00 AM, where he was evaluated by Jennifer Boyd, P.A. and Pamela Love, M.D.  As a result of the unnecessary, gratuitous and excessive K-9 attack instigated by Defendant, OFFICER J. VAZQUEZ, MA suffered numerous bites to the upper right leg as well as puncture wounds and significant lacerations to the right lower leg and the outer knee that were described as follows: "Several large gaping lacerations to the anterior and posterior lower thigh.  Muscle involvement on the anterior aspect.  Exposure of tendons on the posterior aspect.  Multiple smaller puncture wounds."

19. The fact that several large gaping lacerations and multiple additional smaller puncture wounds were noted supports the contention that the K-9 was allowed to continue its attack on MA once he had been taken down and was in compliance.

20. MA underwent a surgical wound exploration under anesthesia performed by Richard Harmel, M.D. on July 22, 2014.  His condition was monitored closely until he was discharged home on July 24, 2014.  Unfortunately, MA developed infections in the wounds, and he was readmitted to All Children's Hospital on July 26, 2014.  Dr. Harmel performed four additional wound care surgeries to the lower extremity during this second hospital admission. MA was finally discharged on August 11, 2014.

21. MA required several months of physical therapy, and he was unable to start sixth grade at Meadowlawn Middle School due to his injuries, fear of infection and the difficulty he would have navigating the school.  Instead, he was enrolled in homebound schooling with the hopes of returning to Meadowlawn by October 25, 2015.

22. MA was seen by his pediatricians at St. Petersburg Pediatrics following his hospital discharge.  On December 23, 2015, Beverly Acker, M.D. noted that he had intermittent "deep pain" with cramping in the thigh of his right leg since the dog bite.  Dr. Acker also noted a

thick keloid scar with apparent loss of muscle mass. She questioned whether MA was having nerve pain or the scar was causing contraction of the muscles. She referred MA to a plastic surgeon, and recorded that if there were no treatment options with the plastic surgeon, she would consider a neurology referral.

23. MA's leg is marred with scarring and continues to cause him pain and attendant loss of enjoyment of life.

24. As a direct and proximate result of the conduct of Defendant, OFFICER J. VAZQUEZ, MA suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, and loss of capacity for the enjoyment of life. MA's losses are either permanent or continuing and MA will suffer the losses in the future in violation of Plaintiff's rights.

**COUNT I – SECTION 1983 EXCESSIVE FORCE
CLAIM AGAINST OFFICER J. VAZQUEZ**

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

26. MA was unlawfully seized by Defendant, OFFICER J. VAZQUEZ, when he intentionally allowed K-9 Ares to continuously attack MA who offered no resistance.

27. Defendant, OFFICER J. VAZQUEZ'S, use of force constituted excessive, unjustified and unnecessary force and caused MA to suffer from bodily injury and resulting pain and suffering, disfigurement, mental anguish and loss of capacity for the enjoyment of life.

28. Defendant, OFFICER J. VAZQUEZ'S, use of excessive force was unnecessary because MA was offering no resistance and posed no threat to any officers or others present.

29. Defendant, OFFICER J. VAZQUEZ, failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

30. Defendant, OFFICER J. VAZQUEZ'S, use of force upon MA was an objectively unreasonable use of force given the totality of the circumstances.

31. This cause of action is brought by Plaintiff, TACARA ANDERSON, on behalf of minor child, MA, against Defendant, OFFICER J. VAZQUEZ, for the excessive use of force and unlawful seizure under color of law that deprived MA of his constitutionally protected rights under the Fourth Amendment of the United States Constitution.

## **DAMAGES**

32. Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

33. As a direct and proximate result of the aforementioned actions and omissions of the Defendant, MA's constitutional rights were violated and he suffered injuries and damages. Plaintiff seeks recovery from the Defendant of all damages to which she may be entitled under federal law for the injuries and damages MA sustained and which include, but are not limited to, the following:

    a. Physical Pain and Suffering of a past, present and future nature;

    b. Emotional Pain and Suffering of a past, present and future nature;

    c. Permanent Impairment of a past, present and future nature;

    d. Loss of Enjoyment of Life of a past, present and future nature;

    e. Punitive damages;

    f. Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

    g. Statutory and Discretionary Costs;

    h. Attorney's fees where permitted by 42 USC § 1988;

    i. All such further relief, both general and specific, to which he may be entitled under the premises.

## **REQUEST FOR JURY TRIAL**

Plaintiff, TACARA ANDERSON, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this 13th day of July, 2018.

                                    **MICHAEL P. MADDUX, P.A.**

                                    ***s/Michael P. Maddux*_____**
                                    Michael P. Maddux, Esquire
                                    Florida Bar Number: 964212
                                    Trial Counsel for Plaintiff
                                    2102 West Cleveland Street
                                    Tampa, Florida 33606
                                    Telephone: (813) 253-3363
                                    Facsimile: (813) 253-2553
                                    E-Mail: mmaddux@madduxattorneys.com
                                    jsalter@madduxattorneys.com
                                    ctonski@madduxattorneys.com